IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

VERNEAL THOMAS ALLEN                                                       PLAINTIFF

VS.                                       CIVIL ACTION NO. 2:08cv253-KS-MTP

DR. WOODALL                                                          DEFENDANT

## ORDER

The parties appeared and participated in an omnibus hearing before the undersigned United States Magistrate Judge on October 6, 2009. Plaintiff appeared *pro se*, and Stacy Neames appeared on behalf of Defendant Dr. Woodall. The court scheduled this hearing for the combined purposes of conducting a *Spears*[1] hearing; a scheduling/case management hearing; and a discovery conference. The court's purpose in conducting the hearing is to ensure the just, speedy and inexpensive determination of this *pro se* prisoner litigation. Based on the testimony given at the hearing, the court screened this matter pursuant to 28 U.S.C. § 1915(e)(2)(B).[2]

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[2] Because Plaintiff is proceeding *in forma pauperis* in this action, his complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2), which mandates dismissal "at any time" if the court determines that the action "fails to state a claim on which relief may be granted" or "is frivolous or malicious." *See also Ali v. Higgs,* 892 F.2d 438, 440 (5th Cir. 1990) (recognizing the court's authority "to test the proceeding" and deeming appropriate *sua sponte* evaluation of the merit of the asserted claim). Section 1915(e)(2) states as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
> . . .
> (B) the action or appeal--
> (i)     is frivolous or malicious;
> (ii)    fails to state a claim on which relief may be granted; or
> (iii)   seeks monetary relief against a defendant who is immune from such relief.

Jurisdiction of this case is based upon 42 U.S.C. § 1983. Plaintiff's claims occurred while he was a post-conviction inmate at the South Mississippi Correctional Institution ("SMCI") in Leakesville, Mississippi.[3] Plaintiff is currently incarcerated at the Winston County Correctional Regional Facility in Louisville, Mississippi, serving a twenty-five-year sentence after having been convicted of statutory rape in Sunflower County.

Plaintiff's claims were clarified and amended by his sworn testimony during the *Spears* hearing.[4] Plaintiff alleges that Defendant Dr. Woodall denied him adequate medical treatment in violation of the Eighth Amendment. Specifically, he claims that Dr. Woodall failed to properly treat his medical problems (headaches, blurred vision, high blood pressure, etc.) he believes were caused and/or exacerbated by his surgery performed by Dr. Blake[5] on April 3, 2007. *See* Ex. C-1 [28]. He testified that Dr. Woodall advised him that Dr. Blake removed a sebaceous cyst from his head in April 2007. Dr. Woodall prescribed him medication for his high blood pressure and headaches, but failed to perform any tests or provide other treatment.

Plaintiff testified that he could not say exactly what Dr. Woodall should have done, he

---

28 U.S.C. § 1915(e)(2)(B).

[3]Plaintiff also originally named Dr. Blakely as a Defendant in this matter. Dr. Blake (incorrectly identified as Dr. Blakely) is apparently an outside physician who performed a surgical procedure on Plaintiff's head while he was a pre-trial detainee housed at the Indianola Jail in Sunflower County. *See* Ex. C-1 [28]. Dr. Blakely was dismissed from this action by Order [15] dated May 7, 2009.

[4]*See Hurns v. Parker*, 165 F.2d 24, No. 98-60006, 1998 WL 870696, at *1 (5th Cir. Dec. 2, 1998); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that plaintiff's claims and allegations made at *Spears* hearing supersede claims alleged in complaint).

[5]As stated above in footnote 3, Plaintiff testified that "Dr. Blakely" performed his surgery. However, the records indicate that "Dr. Blake" performed his surgery. *See* Ex. C-1 [28].

2

just knows that his health has deteriorated and continues to deteriorate since his surgery in April 2007, and he is concerned about his future health. As previously noted, Plaintiff is no longer incarcerated at SMCI, and thus, no longer under the care of Dr. Woodall.

As stated during the hearing, Plaintiff has failed to state a claim for deliberate indifference against Dr. Woodall. "Prison officials violate the constitutional proscription against cruel and unusual punishment when they are deliberately indifferent to a prisoner's serious medical needs, as doing so constitutes unnecessary and wanton infliction of pain." *Davidson v. Texas Dep't of Criminal Justice*, 91 Fed. Appx. 963, 964 (5th Cir. 2004) (citing *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). Deliberate indifference "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (quoting *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001)). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 839-40 (1994). A prison official may not be held liable under this standard pursuant to Section 1983 unless the plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." *Farmer*, 511 U.S. at 837. Plaintiff must "submit evidence that prison officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any other similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Davidson*, 91 Fed. Appx. at 965 (quoting *Domino*, 239 F.3d at 756).

Negligent conduct by prison officials does not rise to the level of a constitutional

violation. *Daniels v. Williams*, 474 U.S. 327, 333-34 (1986). The Plaintiff is not entitled to the "best" medical treatment available. *McMahon v. Beard*, 583 F.2d 172, 174 (5th Cir. 1978); *Irby v. Cole*, No. 4:03cv141-WHB-JCS, 2006 WL 2827551, at *7 (S.D. Miss. Sept. 25, 2006).

Based on the evidence before the court, Plaintiff was never denied medical treatment. Rather, he disagrees with the treatment he received, which does not amount to a constitutional violation. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 2001) (holding that a prisoner's "disagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs"). The court finds that Plaintiff has failed to establish that Dr. Woodall was deliberately indifferent to his serious medical needs. *See Davidson*, 91 Fed. Appx. at 965 (citing *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir.1999)) ("Unsuccessful medical treatment, ordinary acts of negligence, or medical malpractice do not constitute a cause of action under § 1983."). Accordingly,

IT IS, THEREFORE, ORDERED:

1. Plaintiff's deliberate indifference claim against Dr. Woodall is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. A separate judgment in accordance with Federal Rule of Civil Procedure 58 will be filed herein.

SO ORDERED AND ADJUDGED this the 6th day of October, 2009.

s/ Michael T. Parker  
United States Magistrate Judge